UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY, | : : : : |
| Plaintiffs, | : CIVIL NO.: : |
| v. | : : |
| MIKE OGBEBOR and STAFFORD RENAL LLC, | : : July 9, 2021 : |
| Defendants. | : |

**Complaint For Declaratory Judgment And Other Relief**

Plaintiffs, Connecticut General Life Insurance Company ("CGLIC") and Cigna Health and Life Insurance Company ("CHLIC") (collectively, "Cigna"), allege as follows for their complaint against Mike Ogbebor and Stafford Renal LLC (collectively, "Defendants").

**Nature Of The Action**

1. This case arises out of a scheme to bill Cigna for fictitious and/or otherwise improper kidney dialysis and dialysis-related health services. The scheme included establishing and/or using Stafford Renal LLC ("Stafford LLC") to masquerade as a legitimate provider of end stage renal disorder treatments including dialysis ("ESRD"); misrepresenting that it was licensed to perform the ESRD services for which it billed Cigna; and billing Cigna for ESRD services that were never performed.

2. Cigna is a health services company focused on promoting affordable and accessible healthcare. Its services include administration of both self-funded and insured employee health and welfare benefit plans.

3.      Mike Ogbebor was affiliated with a company called Stafford Dialysis Renal, Inc., which operated a licensed ESRD facility until 2016.

4.      Ogbebor formed Stafford LLC, which, according to the records of the Texas Department of State Health Services, had no ESRD Facility license. Nevertheless, after Stafford Dialysis Renal, Inc. ceased operating, Ogbebor caused Stafford LLC to submit bills to Cigna for ESRD treatment totaling in excess of $18,000,000, on which Cigna paid $4,680,683.19. These bills and payments include not only charges for ESRD treatment that Stafford LLC was not licensed to provide, but treatment that never occurred.

5.      For example, Cigna learned that Defendants billed for dialysis services to one Cigna member on virtually every day in 2018, even though the member did not begin to receive dialysis from any provider until 2019.

6.      Cigna uncovered this deceptive billing scheme through investigative efforts of its Special Investigation Unit. Based on that investigation, Cigna took steps to mitigate the harm caused by Defendants' deceptive conduct by reducing or denying payment for claims they continued to submit. Cigna brings this action to recover payments for fraudulent and/or improper claims, to obtain a declaratory judgment that Defendants are not entitled to reimbursement for any presently unpaid claims or claims they may submit in the future, and to obtain other relief for damage to Cigna caused by Defendants' tortious conduct.

**Parties, Jurisdiction and Venue**

7.      Plaintiffs, CGLIC and CHLIC, are corporations organized under Connecticut law with their principal places of business in Connecticut.

8.      Defendant, Stafford LLC, is a limited liability company organized under Texas law. According to the Texas Secretary of State, Mike Ogbebor is its director, with an address at 8544 West Bellfort, Houston, Texas.


9. Upon information and belief, all members of Stafford LLC are citizens of Texas.

10. At all times relevant to this Complaint, Stafford LLC held itself out to be a treatment facility for ESRD, properly licensed and qualified to provide such services.

11. Upon information and belief, Defendant Mike Ogbebor is a citizen of the State of Texas, and is (or at relevant times was) the direct or indirect owner, principal, manager and/or agent of Stafford LLC.

12. This Court has personal jurisdiction over Defendants pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et. seq.* and its nationwide service of process provision, 29 U.S.C. § 1132(e)(2).

13. This Court also has personal jurisdiction over Defendants because each has systematically conducted business in Connecticut by submitting or causing to be submitted, claims for health benefits for review and payment to Cigna for plans it administers.

14. This Court has subject-matter jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331 because this action concerns the parties' rights and obligations under employee welfare benefit plans that are governed by ERISA, 29 U.S.C. § 1002(1).

15. In addition, the Court has jurisdiction in this action pursuant to the diversity statute, 28 U.S.C. § 1332, because the parties are of diverse citizenship (both CHLIC and CGLIC are to be citizens of Connecticut, while each Defendant is, or is deemed to be, a citizen of Texas), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a) because CGLIC and CHLIC reside in this District and because a substantial part of the events or omissions giving rise to this action occurred in this District. Venue is also proper pursuant to 29 U.S. C. §

1132(e)(2) because the health plans at issue are administered in this District, and/or the breach took place in this District.

## Background Facts

17. Ogbebor was affiliated with, and/or was employed by, and/or had a direct or indirect ownership interest in, Stafford Dialysis Renal, Inc., a/k/a Stafford Dialysis Center, Inc. ("Stafford Inc.").

18. Stafford Inc. was an out-of-network provider with respect to Cigna-administered plans.

19. The State of Texas prohibits any person from operating an ESRD facility without a license (with exceptions not relevant to this litigation). *See* Texas Health and Safety Code, § 251.011.

20. According to the Texas Department of State Health Services, Stafford Inc.'s ESRD Facility license expired on November 30, 2016, and its license status is "null and void."

21. Beginning in or about 2017, and perhaps earlier, Ogbebor began submitting bills to Cigna for ESRD services allegedly provided by Stafford LLC.

22. Cigna began its present investigation of Stafford LLC in early 2020, due to Stafford LLC's billing for Epoetin Alfa, a drug used in ESRD treatment, at prices approximately 200 times greater than the Medicare value of the drug.

23. In or about May 2020, as part of its investigation, Cigna was in contact with Ogbebor to request medical records for ESRD services allegedly performed by Stafford LLC.

24. Cigna sent medical records requests at various times in 2020, and followed up with Ogbebor over the next several months, but Ogbebor did not provide all of the requested records.

25. Between November 2019 and July 2020, Ogbebor submitted to Cigna numerous claims from Stafford LLC for ESRD services that Stafford LLC allegedly provided to a single Cigna member ("Cigna Member 1") on nearly every day from April 2018 through June 2020.

26. Cigna Member 1 was a beneficiary of a health plan established and/or maintained under the Employee Retirement Income Security Act ("ERISA") by the Trustees of the Management-International Longshoremen's Association Managed Health Care Trust Fund ("MILA Plan").

27. Defendants submitted claims totaling $2,385,000 for dialysis (CPT 90999) allegedly provided to Cigna Member 1 on almost 800 days from April 26, 2018 through June 30, 2020. Cigna paid $763,592.27 to Stafford LLC on those claims.

28. Defendants submitted claims totaling $12,513,300 for medication, including Epoetin Alfa (codes A4657, J1270 and Q4081), allegedly provided to Cigna Member 1 during the same period. Cigna paid $4,017,025.89 on those claims.

29. By submitting such claims for reimbursement, Stafford LLC represented to Cigna that it provided these ESRD services to Cigna Member 1.

30. Records from Cigna's Healthcare Providers Portal showed that Ogbebor, as a registered user of the Portal, used the Portal to review claim details and remittance reports for the claims submitted for Cigna Member 1.

31. Subsequently, Cigna Member 1 and her husband confirmed that she did not receive any ESRD services from any provider in 2018.

32. Medicare confirmed to Cigna that the Cigna Member 1's first date of dialysis was January 2019.

33. Ogbebor, through Stafford LLC, falsely billed Cigna for ESRD services for Cigna Member 1 that were never provided to her.

34. Between February 2019 and October 2019, Defendants submitted claims for ESRD services (dialysis and medication) that Stafford LLC allegedly provided to a second Cigna member ("Cigna Member 2") during the period from June 2018 through December 2018.

35. Cigna Member 2 was a participant in a health plan established and/or maintained under ERISA by Aramark Services, Inc. ("Aramark Plan").

36. Defendants submitted claims totaling $487,240 for ESRD services allegedly provided to Cigna Member 2. Cigna paid $9,843.49 on those claims.

37. Cigna contacted Ogbebor to request medical records for all dates of alleged service for the two Cigna members, as well as proof of valid licenses to provide the services billed.

38. In August 2020, Ogbebor emailed medical records for only 69 of the 892 dates of service billed for Cigna Member 1. A review showed that many of these records contained indicia that many were "cloned," in that they contained identical patient-specific information, such as treatment times and vital readings, from multiple dates of service.

39. Ogbebor did not provide any records for treatment of Cigna Member 2, nor did he provide any proof that Stafford LLC had the necessary licenses to provide the services for which Stafford LLC billed Cigna.

40. As part of the 2020 investigation, Cigna learned that Stafford LLC did not have an ESRD license.

41. As part of its investigation, Cigna learned that, from April 2018 to February 2020, Ogbebor was serving a federal probation sentence related to the filing of falsified tax returns and failing to report income.

**Cigna's Reliance on False, Deceptive, Unfair and Misleading Claims**

42.  During all times relevant to this complaint, Ogbebor and Stafford LLC provided, and/or billed Cigna for, ESRD services that they were not licensed to provide.

43.  Ogbebor and Stafford LLC billed Cigna for ESRD services provided to Cigna members that were not, in fact, provided to those members.

44.  Ogbebor and Stafford LLC billed Cigna for ESRD services provided by other ESRD facilities.

45.  As a result of the deceptive, unfair, false and/or misleading claims submitted by Defendants, Cigna has paid Defendants approximately $4,800,000 in claims that should not have been paid.

46.  Exhibit 1 lists redacted information concerning the claims that Defendants have submitted or caused to be submitted to Cigna for ESRD services to Cigna Members 1 and 2 for which overpayment has been identified.

**Claims for Relief**

**Count 1 – Declaratory Judgment Against Stafford LLC**

47.  Cigna incorporates the allegations contained in the preceding paragraphs into this Count.

48.  Stafford LLC has not paid certain claims submitted by Stafford LLC because, in part, it was not licensed to provide ESRD services to any Cigna member.

49.  The MILA Plan and the Aramark Plan do not provide coverage for services that are not medically necessary or that are not actually provided to a Member.

50.  An actual and justiciable controversy exists between Cigna and Stafford LLC over whether Stafford LLC had the proper licensing and legal authorization to provide ESRD treatment provided to Cigna members, and whether it should be paid for such claims or on future claims.

51. The Declaratory Judgment Act, 28 U.S.C.A. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

52. Pursuant to the Act, Cigna respectfully requests that the Court enter a judgment declaring that:

   a. Stafford LLC was not qualified to provide any ESRD treatment at any time;

   b. The plans at issue do not cover any part of Stafford LLC's claim submissions for ESRD treatment that Stafford LLC was not authorized to provide;

   c. Stafford LLC has no right to reimbursement, payment, or other consideration from Cigna, Cigna-administered benefit plans, or Cigna plan members for any ESRD treatment, or charges associated with the such treatment.

**Count 2 - Recoupment Under ERISA § 502(a)(3) of Overpayments Against Both Defendants**

53. Cigna incorporates the allegations contained in the preceding paragraphs into this Count.

54. Cigna, acting as a fiduciary of the plans that it insures and administers, seeks, pursuant to rights created under plan terms, to enforce the terms of the plans and recover identified overpayment amounts made by the plans to Stafford LLC.

55. The MILA Plan and the Aramark Plan give Cigna the right to recover overpayments for claims submitted by medical providers.

56. The payments that Cigna was induced to make to Stafford LLC by means of the false, misleading and deceptive claims listed in Exhibit 1 are overpayments under the terms of the

plans as to which there exists an equitable right of recovery. Such claims involve specific payment amounts that Stafford LLC received and as to which Stafford LLC had no right to possess.

57. In reliance on the deceptive and unfair claims that Stafford LLC submitted or caused to be submitted for treating Cigna plan members, Stafford LLC received from Cigna payment of plan assets in the amount in excess of $4,790,000.

58. These plan assets belong in good conscience to Cigna and/or the plans because, as a result of Stafford LLC's lack of ESRD Facility license, and its false and/or misleading claims, no reimbursement was due to Stafford LLC under the terms of the plans.

59. It would be unfair and unjust for Stafford LLC to retain the benefit of such plan assets, which were not due under the terms of its patients' plans, and an equitable lien by agreement exists in accordance with the plan provision governing overpayments recoupment.

60. Therefore, Stafford LLC is obligated, based on principles such as unjust enrichment restitution, and disgorgement, as well as the plans overpayment provisions, to return to Cigna, as agent for the plans it administers, the identified claim payments it has received for services rendered to patients under those plans.

61. The benefit plans in this action are ERISA governed. Accordingly, Cigna, as the fiduciary of the plans, can assert this claim under ERISA § 502(a)(3) (29 U.S.C. §1132(a)(3)).

**Count 3 - Fraudulent Misrepresentation Against Both Defendants**

62. Cigna incorporates the allegations contained in the preceding paragraphs into this Count.

63. Defendants submitted or caused to be submitted claims to Cigna seeking reimbursement for ESRD treatment provided to the patients listed in Exhibit 1. Such claims for each patient were submitted on the dates shown in Exhibit 1. The statements and information contained in the claims regarding such charges were materially false for one of two reasons: they

9

represented that the ESRD treatments in question had actually been performed by Stafford LLC for a Cigna member; and/or they represented that Stafford LLC was licensed and authorized to perform the ESRD treatments.

64. At the time Defendants submitted or caused to be submitted each claim to Cigna, they knew that the claims were false and misleading, because Defendants knew that Stafford LLC did not have an ESRD Facility license, and/or Defendants knew that they had not performed the ESRD treatments for which Stafford LLC submitted claims.

65. Defendants concealed and failed to disclose material information regarding its lack of an ESRD Facility license and that it had not performed the ESRD treatments for which it submitted claims.

66. Defendants submitted or caused to be submitted the claims to Cigna with the intent to defraud Cigna by inducing Cigna to rely on the false representations by paying the false and misleading charges.

67. Cigna must rely on claims submitted by providers when determining whether the provider provided the treatment at issue; whether the provider was acting within the scope of its license; and whether the treatment is covered by the plan. Defendants' representations are therefore material.

68. Cigna reasonably relied on such material false statements and omissions and paid the false and misleading claims submitted by Defendants or on behalf of Stafford LLC, resulting in compensable injury to Cigna.

69. In reliance on such fraudulent conduct, Cigna paid in excess of $4,790,000 in plan benefits to which Stafford LLC had no entitlement.

### Count 4 - Negligent Misrepresentation Against Both Defendants

70. Cigna incorporates the allegations contained in the preceding paragraphs into this Count.

71. Defendants submitted or caused to be submitted claims to Cigna regarding services that it provided to the Cigna plan members listed in Exhibit 1. Defendants did so in the course of their business for the purpose of collecting payments for services under the terms of the plans Cigna administers.

72. Defendants supplied the information contained in the claims in the course of their business. Defendants did so for the guidance of Cigna and plans it administers in their business transactions—namely, in the transactions in which they determined whether, and the amount, to reimburse Stafford LLC under the terms of the plans for ESRD treatment.

73. In submitting these claims, Defendants made misrepresentations as set forth in preceding paragraphs.

74. When such claims were submitted, Defendants did not state that Stafford LLC did not have an ESRD Facility license, or that Stafford LLC did not perform certain ESRD treatments for which they were billing. By misrepresenting or failing to disclose this information, Defendants failed to exercise reasonable care in communicating true and accurate information regarding the charges to Cigna.

75. In reliance on the claims submitted or caused to be submitted by Defendants, Cigna processed the claims and paid reimbursement to Stafford LLC based upon the false and misleading information contained in those claims.

76. Cigna must rely on claims submitted by providers when determining whether the provider provided the treatment at issue; whether the provider was acting within the scope of its

license; and whether the treatment is covered by the plan. Defendants' representations are therefore material.

77.     Cigna reasonably relied on such material false statements and omissions and paid the false and misleading claims submitted by Defendants or on behalf of Stafford LLC, resulting in compensable injury to Cigna.

78.     In reliance on such inaccurate claims, Cigna paid in excess of $4,790,000 in plan benefits to which Stafford LLC had no entitlement.

### Count 5 - Violation of the CUTPA Against Both Defendants

79.     Cigna incorporates the allegations contained in the preceding paragraphs into this Count.

80.     The Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat., §42-110b *et seq.*, protects consumers and businesses against fraud, unfair methods of competition, and other unfair and deceptive business practices.

81.     Defendants engage in unfair and deceptive billing practices that violate CUTPA. The claims Defendants submitted to Cigna are deceptive because they reflect charges for ESRD treatment that Stafford LLC was not licensed or authorized to provide, and/or they reflect charges for ESRD treatment that Stafford LLC did not, in fact, perform. Defendants' practice of submitting false and/or misleading claims for ESRD treatment is unfair, because it drives up healthcare costs to the sponsors of the plans.

82.     Defendants submitted or caused to be submitted claims to Cigna seeking reimbursement for services for the patients listed in Exhibit 1. Defendants submitted or caused to be submitted claims for each patient on the dates indicated and did so in the course of their business for the purpose of collecting payments for ESRD treatments under the terms of the plans Cigna

administers. Each claim Defendants submitted or caused to be submitted to Cigna is deceptive and unfair for the reasons set forth in this Complaint.

83. The submission by Defendants of deceptive and unfair claims caused Cigna to process the claims and pay reimbursement to Stafford LLC based upon the false and/or misleading claims Defendants submitted or caused to be submitted. Every time Cigna paid a claim based upon a false or misleading claim submitted by Defendants, Cigna sustained an ascertainable loss of money or property proximately caused by Defendants' unfair and deceptive business practices, which practices offend public policy.

84. Defendants submitted or caused to be submitted the claims with the intention that Cigna rely on the claims by reimbursing Stafford LLC for the inflated and inaccurate charges shown.

85. Cigna must rely on claims submitted by providers when determining whether the provider provided the treatment at issue; whether the provider was acting within the scope of its license; and whether the treatment is covered by the plan. Defendants' representations are therefore material.

86. Cigna reasonably relied on such material false statements and omissions and paid the false and misleading claims submitted by Defendants or on behalf of Stafford LLC, resulting in compensable injury to Cigna.

87. In reliance on such inaccurate claims, Cigna paid in excess of $4,790,000 in plan benefits to which Stafford LLC had no entitlement.

**Count 6 - Violation of Connecticut Health Insurance Fraud Act Against Both Defendants**

88. Cigna incorporates the allegations contained in the preceding paragraphs into this Count.

89. The Connecticut Health Insurance Fraud Act ("CHIFA"), C.G.S.A. § 53-440, *et seq.* combats intentional fraud and deceit in health insurance and implements a public policy of aggressively confronting the "ever increasing and costly problem of health insurance fraud." *Minnesota Mut. Life Ins. Co. v. Ricciardello,* 1997 WL 631027 (D. Conn. 1997).

90. Defendants have violated CHIFA by engaging in a pattern or practice of submitting claims for payment of benefits to Cigna with knowledge that such claims contained false, incomplete, deceptive or misleading information concerning any fact or thing material to such claim, or omitted information concerning any fact or thing material to such claim.

91. Defendants have violated CHIFA by assisting, abetting or conspiring with others to submit claims for payment of benefits to Cigna with knowledge that such claims contained false, incomplete, deceptive or misleading information concerning any fact or thing material to such claim, or omitted information concerning any fact or thing material to such claim.

92. In reliance on such claims, Cigna paid in excess of $4,790,000 in plan benefits to which Stafford LLC had no entitlement.

93. Pursuant to CHIFA, Cigna is entitled to recover all damages resulting from Defendants' conduct in violation of CHIFA.

### Count 7 – Civil Theft Against Both Defendants

94. Cigna incorporates the allegations contained in the preceding paragraphs into this Count.

95. Connecticut's Civil Theft statute, C.G.S.A. § 52-564, provides that "any person who steals property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."

96. By submitting the false and misleading claims described above and receiving payments from Cigna, Defendants wrongfully took or obtained property from Cigna with the intent to deprive Cigna of that property or to appropriate it for themselves or to a third person.

97. In reliance on such claims, Cigna paid in excess of $4,790,000 in plan benefits to which Stafford LLC had no entitlement.

98. Pursuant to the Civil Theft statute, Cigna is entitled to recover treble damages.

### Count 8 –Piercing Corporate Veil Against Ogbebor

99. Cigna incorporates the allegations contained in the preceding paragraphs into this Count.

100. At all times relevant to this complaint, Ogbebor exercised complete dominion and control of Stafford LLC's finances, policy and business practice.  Without limitation, Ogbebor caused Stafford LLC to submit false, fraudulent and or improper claims to Cigna for ESRD services.

101. Ogbebor dominated Stafford LLC's finances, policies and practices to such an extent that Stafford LLC had and has no separate mind, will, or existence of its own, but was and is merely a business conduit for Ogbebor.

102. Under Ogbebor's control, Stafford LLC failed to observe corporate formalities.

103. Ogbebor has used his domination and control of Stafford LLC to collect from Cigna fees for ESRD services that Stafford LLC did not perform, and/or that Stafford LLC was not licensed to perform.

104. Ogbebor has used, and continues to use, his domination and control over Stafford LLC to commit fraud or wrong, and to perpetrate an unjust act in violation of Cigna's legal rights.

105. As a proximate result of Ogbebor's domination, control and misuse of Stafford LLC, Cigna has suffered injury in an amount in excess of $4,790,000.

106. Holding only Stafford LLC liable would result in an injustice.

## **PRAYER FOR RELIEF**

Based on the above, Cigna prays that the Court enter a judgment awarding the following:

A. a declaratory judgment as requested in Count 1 of the Complaint;

B. recoupment of all monies paid to Stafford LLC on claims for reimbursement submitted to Cigna;

C. monetary damages for all harm suffered as a result of Defendants' conduct, including investigatory costs;

D. treble damages as requested in Count 7 of the Complaint;

E. exemplary and punitive damages;

F. pre-judgment and post-judgment interest;

G. reasonable attorneys' fees incurred;

H. costs of court; and

I. such other and further relief to which Cigna may be entitled in law or equity.

> CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY
>
>
> By /s/ Patrick W. Begos
> Patrick W. Begos (ct19090)
> E-mail: pbegos@rc.com
> Theodore J. Tucci (ct05249)
> E-mail: ttucci@rc.com
> Robinson & Cole LLP
> 1055 Washington Boulevard
> Stamford, CT 06901
> Tel. No.: (203) 462-7500