UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br>　　*Plaintiffs*,<br><br>　　v.<br><br>MIKE OGBEBOR and STAFFORD RENAL LLC,<br>　　*Defendants*. | No. 3:21-cv-00954 (JAM) |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

This case concerns an insurance company seeking to recover payments it made to an unlicensed medical provider who submitted fabricated claims for dialysis treatments. The defendants, Stafford Renal LLC (Stafford) and its owner Mike Ogbebor, received insurance payments from the plaintiffs, Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna"), for dialysis Stafford claims to have administered to two Cigna plan members. Cigna claims that Stafford was not licensed to provide and in fact did not provide these dialysis treatments.

After Cigna filed its complaint in this action, Ogbebor submitted an answer on behalf of both defendants. I struck this answer with respect to Stafford because Ogbebor as a non-lawyer could not represent in court a limited liability company such as Stafford. Cigna then moved for a default entry against Stafford, which I granted based on Stafford's failure to appear or respond.

As for Ogbebor, he has failed to object or respond in any way to Cigna's discovery requests. Ogbebor has also failed to respond to a motion to compel discovery, despite the Court's discovery order warning him that such failure might result in sanctions including default judgment. Cigna now moves for default judgment against both Stafford and Ogbebor.

1

I will grant the motions for default judgment. Because Stafford has altogether failed to respond and Ogbebor has responded but willfully failed to comply with his discovery obligations, I accept the allegations in Cigna's complaint as true with respect to both defendants. On those facts, Stafford and Ogbebor are liable to Cigna for submitting fabricated claims on behalf of an unlicensed provider. For the reasons that follow, I conclude that Cigna is entitled to a declaratory judgment that it has no obligation to pay any claims submitted by Stafford for dialysis services, to actual damages from both defendants for the payments Cigna already made, and to treble damages for civil theft.

## BACKGROUND

The following facts are taken from Cigna's complaint.

Cigna is a health services company whose services include the administration of employee health and welfare benefit plans.[1] Cigna administers these plans for beneficiaries under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*.[2]

Ogbebor formed Stafford as a limited liability company organized under Texas law, and served as its owner, principal, and manager.[3] Stafford held itself out to be a treatment facility for end stage renal disorder (ESRD).[4] But Stafford did not have an ESRD license.[5] In fact, Ogbebor was associated with another company known as Stafford Dialysis Renal, Inc., which operated a licensed ESRD facility.[6] That license, however, expired in November 2016.[7]

---

[1] Doc. #1 at 1 (¶ 2).
[2] *Id*. at 5-6 (¶¶ 26, 35).
[3] *Id*. at 2-3 (¶¶ 4, 8, 11).
[4] *Id*. at 3 (¶ 10).
[5] *Id*. at 6 (¶ 40).
[6] *Id*. at 2 (¶ 3).
[7] *Id*. at 4 (¶ 20).

In 2017, Ogbebor submitted bills to Cigna for ESRD treatments purportedly provided by Stafford.[8] In May 2020, Cigna initiated an investigation into Stafford due to its billing of a drug used in ESRD treatment at significantly inflated prices.[9] As part of its investigation, Cigna learned that Stafford did not have an ESRD license.[10] Stafford was therefore operating in violation of Texas licensing requirements, which provide that "a person may not operate an end stage renal disease facility without a license issued under this chapter." Tex. Health & Safety Code § 251.011.

Despite its unlicensed status, Stafford submitted and received claims totaling $4,790,461.65 from Cigna for supposed ESRD services to two Cigna members.[11] When Cigna asked Stafford and Ogbebor to show proof of proper licensing, they failed to do so.[12] Cigna then reduced or denied payment on other claims submitted by Stafford.[13]

The defendants also allegedly fabricated a majority of the treatments for which they sought and obtained reimbursements from Cigna. Despite sending medical record requests and repeated follow-up inquiries as part of its investigation, Cigna received records for only 69 of the 892 dates of service billed for one member, and no records for treatment of a second member.[14] The 69 records Ogbebor and Stafford provided contained duplicate information suggesting that the records had been "cloned."[15] Further, although Stafford supposedly provided services to one plan member on nearly every day from April 2018 through June 2020, Cigna learned from the member and confirmed with Medicare that she did not begin treatment until January 2019.[16]

---

[8] *Ibid.* (¶ 21).
[9] *Ibid.* (¶ 22).
[10] *Id.* at 6 (¶ 40).
[11] *Id.* at 4-6 (¶¶ 27-28, 36).
[12] *Id.* at 6 (¶¶ 37, 39).
[13] *Id.* at 2 (¶ 6).
[14] *Id.* at 4, 6 (¶¶ 23-24, 37-39).
[15] *Id.* at 6 (¶ 38).
[16] *Id.* at 5 (¶¶ 25, 31-32).

Cigna brought this action against Ogbebor and Stafford in July 2021, alleging eight counts arising from the fraudulent submission of claims for ESRD treatments.[17] First, Cigna seeks a declaratory judgment against Stafford stating that it has no liability for any unpaid claims. Second, Cigna seeks damages from both defendants on six counts: (I) for recoupment under ERISA § 502(a)(3); (II) for fraudulent misrepresentation; (III) for negligent misrepresentation; (IV) for violating the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat., §§ 42-110b *et seq.*; (V) for violating the Connecticut Health Insurance Fraud Act ("CHIFA"), Conn. Gen. Stat. §§ 53-440 *et. seq.*; and (VI) for civil theft, Conn. Gen. Stat. § 52-564. Lastly, Cigna seeks to pierce the corporate veil and hold Ogbebor personally liable for using Stafford as an illegitimate business entity to commit insurance fraud.

Stafford has yet to appear or file any responsive pleading in this action. Following an entry of default against Stafford in November 2021, Cigna moved for a default judgment.[18]

Ogbebor has filed an answer with affirmative defenses.[19] But he has failed to respond to Cigna's interrogatories, requests for production, and requests for admission, despite follow-up communications from Cigna's counsel, a motion to compel production, and a discovery order.[20] The discovery Cigna seeks includes medical records documenting the ESRD treatments at issue and Stafford's license to perform those services; Ogbebor's role in Stafford's ownership, management and operations; Ogbebor's role in submitting claims to Cigna; financial information related to Stafford's receipt of insurance payments; and Ogbebor's legal and criminal record for

---

[17] *Id.* at 7-16 (¶¶ 47-106).
[18] Doc. #24.
[19] Doc. #32.
[20] Doc. #29-1 at 1-2 (¶¶ 4-11) (declaration of counsel for Cigna); Doc. #29 (motion to compel discovery); Doc. #30 (order requiring Ogbebor to file any objection or other response to the motion to compel discovery and advising him that "a failure to respond to the motion to compel discovery may result in the Court's entry of sanctions including default judgment").

past fraud.[21] It is apparent that without discovery on these subjects, Cigna cannot prove that Ogbebor was personally responsible for submitting the claims at issue or that he was aware of their fraudulent nature.

In light of Ogbebor's "apparent continuing willful failure … to comply with discovery," I granted leave to Cigna to file a motion for default judgment setting forth a detailed basis for the award of damages.[22] Cigna has now filed a motion for default judgment.[23] Once again, Ogbebor has not filed a timely objection or any other response to the motion.

## DISCUSSION

When a defendant defaults, it "thereby admits all well-pleaded factual allegations contained in the complaint." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).[24] Because Stafford has failed to respond in any way to Cigna's complaint, I may find Stafford liable and award the damages that Cigna can prove if the allegations in Cigna's complaint amount to a legal wrong. *Ibid*.

Courts may also impose sanctions as severe as default judgment for violating discovery orders where failure to comply with a court order is due to "willfulness or bad faith, or is otherwise culpable." *Chevron Corp. v. Donziger*, 833 F.3d 74, 147 (2d Cir. 2016). In evaluating whether it is appropriate to impose such an extreme remedy, courts consider the degree of willfulness, whether lesser sanctions would effectively resolve the specific problems caused by a lack of discovery, the duration of noncompliance, and whether the non-compliant party was given notice of the possibility that he would face such a sanction and an opportunity to comply

---

[21] Docs. #29-3 (interrogatories); #29-4 (requests for production); #29-5 (requests for admissions).
[22] Doc. #34.
[23] Doc. #38.
[24] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

with outstanding orders. *See Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013). The factors are not exclusive and they "need not each be resolved against" the noncompliant party to justify default judgment. *SEC v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013).

I find that a default judgment is the appropriate sanction in this case and that any lesser sanction would be futile in light of Ogbebor's willful and total refusal to cooperate with this litigation since he was first served in February 2022 with discovery requests concerning information in his possession that is essential for the resolution of Cigna's claims against him. *See Guggenheim Capital,* 722 F.3d at 451–53 (default judgment sanction appropriate where party's "intransigence spanned months" and "less serious sanctions would have been futile"). I further conclude that Ogbebor was adequately warned that continuing noncompliance would result in a default judgment sanction by (1) my discovery order in April 2022 advising him that "a failure to respond to the motion to compel discovery may result in the Court's entry of sanctions including default judgment," (2) my subsequent order in May 2022 noting Ogbebor's "apparent continuing willful failure … to comply with discovery" and instructing Cigna to file a motion for default judgment, (3) Cigna's filing of a motion for default judgment in June 2022, and (4) my most recent order permitting him to "file any objection or other response to the motion for default judgment … by **July 1, 2022**."[25] *See id.* at 452–53 (adequate notice of default judgment sanction provided to *pro se* party where district court repeatedly advised him of the risk of sanctions yet he failed to respond even after the other party moved for default judgment).

Based on Ogbebor's willful, monthslong refusal to comply with unambiguous discovery obligations and orders, I will enter default judgment against him on all adequately pleaded

---

[25] Docs. #30, #34, #38, #39.

claims. Fed. R. Civ. P. 37(b)(2)(A)(vi). I apply the same standard to assess the propriety of default judgment on these claims against Ogbebor as I do against Stafford for its failure to appear and defend. That is, accepting as true all factual matter alleged in the complaint and drawing all reasonable inferences in Cigna's favor, I must determine whether Ogbebor is liable on each claim. *See Roberts v. Bennaceur*, 2015 WL 1471889, at *17 (D. Conn. 2015), *aff'd,* 658 F. App'x 611 (2d Cir. 2016).

### *Declaratory judgment*

Cigna seeks a declaratory judgment against Stafford stating that it has no obligation to honor any claims submitted by Stafford for ESRD services. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." When a defendant defaults in appearing or defending, a court may grant declaratory relief among other remedies. *See Am. Eur. Ins. Co. v. Tirado Iron Works & Fence, Inc.*, 2021 WL 7830143, at *4 (E.D.N.Y. 2021). Because Stafford was not licensed to provide any of the claimed ESRD services it submitted to Cigna, it has no legal or contractual right to reimbursement, payment, or other consideration from Cigna. I therefore conclude that Cigna's claim for declaratory judgment is adequately alleged to support a default judgment.

### *Recoupment*

Cigna claims that as a fiduciary and health plan administrator it has a right to recover plan assets which Ogbebor and Stafford wrongfully obtained by submitting false claims. *See* 29 U.S.C § 1132(a)(3) ("A civil action may be brought … by a … fiduciary … to obtain other appropriate equitable relief."). Although the complaint alleges that the health plans under which

Cigna made ESRD payments to Stafford "give Cigna the right to recover overpayments for claims submitted by medical providers," Cigna's reliance on Section 1132(a)(3) makes clear that it is seeking recoupment as a form of "equitable relief."[26] But "before equitable relief will be granted, plaintiffs must show that they have no adequate remedy at law." *Brown v. Sandimo Materials*, 250 F.3d 120, 127 (2d Cir. 2001). Because Cigna has adequately alleged that it is entitled to legal relief in the form of damages, I conclude that its equitable claim for recoupment is not well pleaded to support equitable relief by way of motion for default judgment.

### *Fraudulent misrepresentation*

To recover for fraudulent misrepresentation, a plaintiff must show "(1) that a false misrepresentation was made as a statement of fact; (2) that it was known to be untrue by the party making it; (3) that it was made to induce the other party to act upon it; and (4) that the other party acted upon the false representation to that party's detriment." *See Larocca v. Frontier Commc'ns, Corp.*, 2016 WL 74393, at *5 (D. Conn. 2016).

The complaint alleges that the defendants falsely represented to Cigna that Stafford was licensed to provide ESRD treatments when it submitted claims seeking reimbursement for those services. Further, the defendants falsely represented that the treatments had been performed, when in many cases they had not. When submitting these claims, the defendants knew that Stafford lacked the requisite license and that most of the claims were fabricated. Further, the defendants made these misrepresentations with the purpose of inducing Cigna to rely on them as a basis for providing payments, and Cigna did in fact act upon these representations to its detriment by paying millions of dollars on Stafford's fraudulent claims. I therefore conclude that

---

[26] Doc. #1 at 8 (¶ 55).

Cigna's claim for fraudulent misrepresentation is adequately alleged to support a default judgment.

### *Negligent misrepresentation*

"Traditionally, an action for negligent misrepresentation requires the plaintiff to establish (1) that the defendant made a misrepresentation of fact (2) that the defendant knew or should have known was false, and (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result." *Johnson v. Walden Univ., Inc.*, 839 F. Supp. 2d 518, 532 (D. Conn. 2011). For the reasons articulated above with respect to Cigna's fraudulent misrepresentation claim, I conclude that Cigna's allegations are adequate to support a default judgment.

### *CUTPA*

The Connecticut Unfair Trade Practices Act forbids any person from engaging in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat § 42-110b. "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by [CUTPA], may bring an action … to recover actual damages." *Id*. § 42-110g(a).

A violation of CUTPA may be established by showing "either an actual deceptive practice or a practice amounting to a violation of public policy." *Ramirez v. Health Net of Ne., Inc.*, 285 Conn. 1, 19 (2008). An individual who controls his company's business affairs and directs its deceptive conduct may be held personally liable under CUTPA. *See Onofrio v. Mineri*, 207 Conn. App. 630, 640-41 (2021). To support liability, the defendant's conduct must be

"intentional, reckless, unethical or unscrupulous," not merely negligent. *Bentley v. Greensky Trade Credit, LLC*, 156 F. Supp. 3d 274, 289 (D. Conn. 2015).

Here, Cigna has alleged that Ogbebor and Stafford intentionally and unscrupulously defrauded it of millions of dollars by submitting claims for ESRD treatments that require a medical license, when in fact Stafford was unlicensed and most of the claimed treatments had not been provided at all. Further, by failing to respond to Cigna's requests for admissions, Ogbebor is deemed to have admitted that he personally directed Stafford's fraudulent conduct. *See* Fed. R. Civ. P. 36(b); *Rosenbaum v. Farr*, 2013 WL 6860102, at *1 (D. Conn. 2013). I therefore conclude that the complaint adequately alleges a CUTPA claim against both defendants to support a motion for default judgment.

### CHIFA

The Connecticut Health Insurance Fraud Act punishes intentional fraud or deceit in connection with a claim for benefits under a health insurance policy. *See* Conn. Gen. Stat. § 53–442. A person commits health insurance fraud if he submits any written statement in support of an insurance claim "knowing that such statement contains any false, incomplete, deceptive or misleading information concerning any fact or thing material to such claim or application, or omits information concerning any fact or thing material to such claim or application." *Ibid*. An insurer "aggrieved as a result of an act of insurance fraud" has a private right of action "against the perpetrator of such fraud to recover all damages resulting from the fraud." *Id*. § 53–444.

The complaint alleges that Ogbebor and Stafford submitted statements in support of insurance claims to Cigna which omitted the critical facts that Stafford was unlicensed and that

most of the ESRD treatments at issue had not actually been provided. These allegations are enough to support a default judgment.

### *Civil theft*

Connecticut's civil theft statute provides that "any person who steals property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." Conn. Gen. Stat. § 52-564. The elements of civil theft may be satisfied when uncontested facts demonstrate that a party acted with the intent to permanently deprive another of money paid pursuant to a fraudulent contract or business arrangement. *See ALV Events Int'l v. Johnson*, 821 F. Supp. 2d 489, 497 (D. Conn. 2010).

As relevant here, a medical provider's undisclosed failure to comply with licensing requirements constitutes fraud on the insurer. *See Gov't Emps. Ins. Co. v. Parkway Med. Care, P.C.*, 2017 WL 1133282, at *7, *report and recommendation adopted*, 2017 WL 1131901 (E.D.N.Y. 2017); *State Farm Mut. Auto Ins. Co. v. Med. Serv. Ctr. of Fla., Inc.*, 103 F. Supp 3d 1343, 1354 (S.D. Fla. 2015). Insurance fraud by a medical provider is a form of civil theft that gives rise to treble damages under Connecticut law. *See Phoenix Home Life Ins. Co. v. Greenwich Acupuncture Ctr., Inc.,* 1993 WL 298967, at *2 (D. Conn. 1993) (finding treble damages for civil theft appropriate under Connecticut law where "defendants submitted claims to [the plaintiff insurer] for acupuncture services that falsely represented that the licensed medical doctor who signed the claim actually performed the services listed, when in fact the defendants knew that they or their agents actually performed the services").

Here, when the defendants falsely represented to Cigna that Stafford was licensed to provide ESRD services by submitting claims for such services, they induced Cigna to issue payments on those claims. These claims were fraudulent because the defendants knew that

11

Stafford was not licensed to perform the services for which it claimed reimbursement from Cigna, and in most instances had not performed those services at all. I therefore conclude that Cigna's claim for civil theft is adequately alleged to support default judgment.

### *Piercing the corporate veil*

Under Texas law, holding an individual owner or manager of a company liable for acts of the company is appropriate "(1) where a corporation is organized and operated as a mere tool or business conduit of another; and (2) there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation … liable would result in injustice." *Richard Nugent & CAO, Inc. v. Est. of Ellickson*, 543 S.W.3d 243, 266 (Tex. App. 2018).[27] The first factor generally considers whether the company in fact has its own legal existence or is instead a mere alter ego, while the second examines whether the individual defendant used the corporate structure as a shield for "fraud, evasion of existing obligations, circumvention of statutes, monopolization, criminal conduct, and the like." *Id*. at 266–67. Evidence relevant to showing that a company is an alter ego includes "(1) the payment of alleged corporate debts with personal checks or other commingling of funds, (2) representations that the individual will financially back the corporation, (3) the diversion of company profits to the individual for the individual's personal use, (4) inadequate capitalization, and (5) any other failure to keep corporate and personal assets separate." *Dodd v. Savino*, 426 S.W.3d 275, 291 (Tex. App. 2014).

As noted above, under Rule 36(b) Ogbebor is deemed to have admitted the substance of Cigna's requests for admissions by virtue of his failure to respond. These admissions include that

---

[27] I apply Texas law because Stafford Renal LLC is organized under Texas law. *See Graduation Sols., LLC v. Acadima, LLC*, 2018 WL 3637479, at *5 (D. Conn. 2018) ("Connecticut choice of law principles generally apply the law of the state of incorporation in determining whether two entities are alter egos of each other.").

Ogbebor formed Stafford, owned a membership interest in the company during the relevant period, personally prepared and submitted the claims at issue to Cigna, and knew that Stafford was not licensed to perform ESRD treatments and did not in fact provide such treatments to Cigna members.[28] Further, because Ogbebor has refused to comply with discovery on the issue of Stafford's formation, ownership, operating agreement, and finances, I will treat his silence as an admission that Stafford was in fact nothing more than his corporate alter ego. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 709 (1982) (court may draw adverse inference as discovery sanction). In light of Cigna's allegations regarding Stafford's unlicensed status and billing practices, I conclude that Ogbebor formed Stafford to further his scheme to commit insurance fraud. Accordingly, I will allow Cigna to pierce the corporate veil and hold Ogbebor liable for Stafford's conduct as well as his own.

### *Damages*

Unlike with liability, I cannot accept as true Cigna's representation regarding damages. Instead, I must consider its evidence and calculate the damages afresh. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Cigna's calculated damages are based on payments for dialysis supposedly provided to one plan member totaling $763,592.27, plus payments for medication for that same member, totaling $4,017,025.89.[29] Cigna seeks an additional $9,843.49 for payments based on purported ESRD treatments, both dialysis and medication, to a second plan member.[30] These figures are corroborated by a detailed spreadsheet Cigna has submitted along with its complaint, and they total $4,790,461.65.[31] I credit Cigna's

---

[28] Doc. #29-5 at 2-3 (¶¶ 1-10).
[29] Doc. #1 at 5 (¶ 27-28).
[30] *Id.* at 6 (¶ 34, 36).
[31] Doc. #1-1. Although CUTPA also provides for recovery of attorney fees, Cigna does not seek such relief in its motion. *See* Doc. #38-1 at 16.

13

evidence and therefore award that amount in actual damages. Further, because Cigna has adequately stated a claim for civil theft under Conn. Gen. Stat. § 52-564, I will apply treble damages for a total of $14,371,384.95.

## CONCLUSION

For the reasons stated above, the Court GRANTS the plaintiffs' motions for a default judgment (Docs. #24, #38) against Mike Ogbebor and Stafford Renal LLC in the joint and several amount of $14,371,384.95, as well as a declaratory judgment that the plaintiffs are absolved of any liability to pay past or future claims submitted by Stafford Renal LLC. The Court DENIES as moot the motion to compel discovery and the motion for a conditional order of default for failure to comply with discovery obligations (Doc. #29). The Clerk of Court shall enter judgment and close this case.

It is so ordered.

Dated at New Haven this 6th day of September 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge